**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| **v.** | * | **Criminal Cases: SAG-19-0036;** |
| | * | **SAG-19-0486** |
| | * | **Civil Cases:    SAG-23-3265** |
| **RASHAUD NESMITH** | * | **SAG-23-3266** |
| | * | |
| | *** | |

## <u>MEMORANDUM OPINION</u>

Rashaud Nesmith has filed a motion to vacate his convictions and sentences under 28 U.S.C. § 2255 for ineffective assistance of counsel. ECF 1310.[1] The Government has filed a response. ECF 1379. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons explained below, Mr. Nesmith's motions (the same motion filed in each of his two separate cases) will be denied.

Mr. Nesmith was indicted and charged, in the two separate cases identified above, with his role in two conspiracies to participate in two separate racketeering enterprises, each of which was responsible for murders, non-fatal shootings, carjackings, robberies, and drug distribution. His defense counsel negotiated a plea agreement with the Government under which he would receive a total sentence of 480 months' imprisonment in both cases. ECF 859 at 7. Mr. Nesmith executed the plea agreement, which containing an agreed statement of facts. *Id.* at 12–16. Mr. Nesmith then affirmed those facts under oath at his June 28, 2022 Rule 11 proceeding. *See* ECF 1074 at 16:17– 22:10. During that proceeding, Mr. Nesmith expressed his understanding of the plea agreement and his satisfaction with the efforts of his defense attorney. *Id.* at The parties again stipulated and

---

[1] The ECF numbers cited in the body of this opinion refer to case SAG-19-0036. Mr. Nesmith concurrently filed an identical motion to vacate at ECF 295 of case SAG-19-0486.

agreed that the appropriate sentence in the case would be 480 months in prison, and Mr. Nesmith affirmed that understanding on the record at the Rule 11 proceeding. *Id.* at 15:1–16:1. At sentencing, this Court imposed the parties' agreed 480-month total sentence, specifically 480 months' incarceration in SAG-19-0486 and 444 months' imprisonment in SAG-19-0036, to run concurrently. ECF 1017. In fact, at the request of Mr. Nesmith's defense attorney, this Court granted the minor downward variance to the sentence in SAG-19-0486 to ensure that Mr. Nesmith would serve no more than a total of 480 months, in light of time he had served that would only be credited to the other case. ECF 1076 at 22–24.

On November 30, 2023, acting in a self-represented capacity, Mr. Nesmith filed his Motion to Vacate, Set Aside, or Correct the Sentence pursuant to 28 U.S.C. § 2255. ECF 1310. In the motion, he makes three arguments to claim ineffective assistance of counsel: (1) that his lawyer never explained how the plea agreement worked or what the consequences would be; (2) that he did not have enough communication with his lawyer; and (3) that his attorney should have compared his criminal offenses from his juvenile history. *Id.* at 4–5.

Rule 11 "provides for the placing of plea agreements on the record, for full inquiry into the voluntariness of the plea, for detailed advice to the defendant concerning his rights and the consequences of his plea and a determination that the defendant understands these matters, and for the determination of the accuracy of the plea." *United States v. Lambey,* 974 F.2d 1389, 1395 (4th Cir. 1992). "[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . carry a strong presumption of verity, because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." *United States v. Lemaster,* 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted); *see also United States v. Lambey,* 974 F.2d 1389, 1395 (4th Cir. 1992) (*en banc*) ("If the information given by the court at

the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant."). "In the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *Lemaster,* 403 F.3d at 221–22 (citations omitted).

All of Mr. Nesmith's present arguments are foreclosed by his express representations during the plea colloquy at his Rule 11 proceeding, when he was under oath and sworn to tell the truth. First, the Court reviewed the material terms of the plea agreement with Mr. Nesmith, explaining the rights he was giving up, the sentence he was agreeing to accept, the waiver of his appeal rights, and his obligations under the plea agreement. *See* ECF 1074 at 9:11–11:4, 14:14–16:11, 23:22–24:7. Following that extensive review, Mr. Nesmith affirmed that he still wanted to plead guilty in both cases. *Id.* at 25:10–12. Second, Mr. Nesmith told this Court, under oath, that he had spoken with his attorney "multiple times" about his decision to plead guilty, and that his attorney answered any questions that he had about his decision and provided him with enough time to discuss the case with him. *Id.* at 24:22–25:6. Mr. Nesmith also affirmed that he was satisfied with the job his attorney had done on his behalf. *Id.* at 25:7–9. Third, Mr. Nesmith told this Court that he understood that he was agreeing to a 480-month sentence and that if the Court were to reject that agreement, either Mr. Nesmith or the government could withdraw from the plea. *Id.* at 15:1–17. Relying on these three representations that Mr. Nesmith made, this Court decided to accept the parties' agreement and impose the agreed sentence for these serious offenses. Any

comments that his attorney may have made to "compare" his juvenile record would not have affected this Court's decision.

Because Mr. Nesmith's contentions are directly contradicted by his sworn statements during his Rule 11 colloquy, his motions to vacate will be denied, and no certificate of appealability will be issued. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (describing the "substantial showing" standard). Two separate Orders follow, one for each case.


Dated: July 2, 2024                                          _____/s/_____

                                                             Stephanie A. Gallagher
                                                             U.S. District Court Judge